## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| FRED MARTIN MOTOR CO., | ) | CASE NO. 5:12CV1479 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CRAIN COMMUNICATIONS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's motion for leave to file an amended complaint (Doc. No. 38) and defendant's opposition (Doc. No. 39). For the reasons discussed briefly herein, the motion is **GRANTED**.

### I. PROCEDURAL BACKGROUND

The complaint in this case was filed on June 11, 2012 (Doc. No. 1), along with a motion for temporary restraining order, later converted by plaintiff to a motion for preliminary injunction (Doc. No. 2; *see also* Doc. Nos. 18, 19, 21). On July 20, 2012, defendant filed its answer to the complaint. Thereafter, the Court twice attempted to set a Case Management Conference ("CMC"), but each time, the parties sought an extension due to scheduling conflicts.

On September 17, 2012, the Court referred the case to Magistrate Judge Kathleen B. Burke to conduct the CMC. The CMC was finally convened on October 17, 2012, but was then continued to October 24, 2012. The Magistrate Judge also set a briefing schedule and a January 8, 2013 hearing date for the motion for preliminary injunction. (*See* Doc. No. 23.)

On October 24, 2012, the CMC re-convened; settlement discussions were unsuccessful, but a follow-up conference was set for November 7, 2012. (*See* Doc. No. 24.) The Case Management Plan and Trial Order issued on October 24, 2012, notably setting February 15, 2013 as the deadline for non-expert discovery to be completed.

On November 7, 2012, the Magistrate Judge conducted another settlement conference, with a follow-up set for November 20, 2012. (*See* Doc. No. 26.) There was no settlement reached on November 20, 2012, and another conference was set for December 10, 2012. The briefing schedule for the preliminary injunction motion was also modified. (*See* Doc. No. 32.) Subsequently, the hearing date was also continued to January 24, 2013. (*See* Non-Document Order, 11/21/12.)

Following the December 10, 2012 follow-up conference, the Magistrate Judge issued an order indicating that defendant's counsel should notify both the court and plaintiff's counsel whether or not defendant would discontinue use of plaintiff's mark at issue in this case, which would then trigger plaintiff's withdrawal of its motion for preliminary injunction. (*See* Doc. No. 33.) On December 21, 2012, plaintiff filed a notice of withdrawal of its motion (Doc. No. 34) and, on December 28, 2012, the case referral was terminated (Doc. No. 35).

At that time, there remained pending a motion to amend the complaint which had been filed on November 15, 2012. (Doc. No. 28.) On January 3, 2013, this Court issued an order seeking clarification regarding that motion. On January 9, 2013, plaintiff withdrew Doc. No. 28 and filed a new motion to amend. (Doc. No. 38.) Defendant subsequently timely filed its opposition. (Doc. No. 23.) The motion is ripe for determination.

## II. DISCUSSION

Under Fed. R. Civ. P. 15, after a responsive pleading has been filed, a party needs either the opposing party's consent or the court's leave to amend its complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In its motion for leave to amend, plaintiff asserts that it wishes to amend "based on recently-discovered information of [d]efendant's activities violating the Ohio's Deceptive Trade Practices Act [ODTPA]." (Doc. No. 38 at 379.) This "recently-discovered information" apparently relates to a section of the now-abandoned offending website of the defendant titled "Request a quote."

According to the motion, "Fred Martin, and persons on Fred Martin's behalf, completed and submitted numerous forms that [d]efendant's website suggesting that [sic] they would be delivered to Fred Martin, but Fred Martin never received the information submitted on the form, and was never contacted by [d]efendant (or anyone for that matter) regarding the submissions made through [d]efendant's website." (Doc. No. 38 at 382-83.) Plaintiff asserts that it "has a strong reason to believe that the 'request a quote' submissions were used or could still be used by [d]efendant and/or its 'distribution partner' Detroit Trading Company to generate sales leads that are exchanged with participating dealerships for a profit." (Doc. No. 38 at 383.) Finally, plaintiff asserts that "[u]p until sometime in early January, 2013, [defendant's]

shopautoweek.com website included a solicitation to car dealers to become a part of [d]efendant's 'roster of dealers,' allowing such participating dealers to list inventory and receive requests for quotes generated by the website[.]" (Doc. No. 38 at 383.) These actions by defendant, plaintiff asserts, "constitute a violation of the Deceptive Trade Practices Act under Ohio law." (Doc. No. 38 at 384.)[1]

"Before granting leave to amend a complaint, a court need make only a minimal assessment of the merits of any proposed new claims . . . . Namely, it must conclude that the proposed claims are not 'clearly futile' due to facial lack of merit, frivolousness, lack of jurisdiction, or other obvious legal defect." *Marr v. Foy*, No. 1:07-cv-908, 2008 WL 5111849, at *5 (W.D. Mich. Dec. 3, 2008), citing *Bergmoser v. Smart Document Solutions, LLC*, 268 F. App'x 392, 396 (6th Cir.2008) ("A motion to amend is 'futile' if it would not withstand a Rule 12(b)(6) motion to dismiss [for failure to state a claim on which relief can be granted].") (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir.2000)); *accord* 6 Wright,

---

[1] Ohio Rev. Code § 4165.02 states, in relevant part:
    (A)    A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person does any of the following:
        (1)    Passes off goods or services as those of another;
        (2)    Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
        (3)    Causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;
        * * *
        (7)    Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;
        * * *
        (11)    Advertises goods or services with intent not to sell them as advertised;
        * * *
        (13)    Advertises goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity.

In its motion for leave to amend, plaintiff alleges that defendant has violated each of the above sections of the DTPA by utilizing the "request a quote" section on its now-defunct website and by not forwarding any inquiries obtained through "request a quote" to plaintiff.

Miller & Kane, 6 FEDERAL PRACTICE & PROCEDURE CIV. 2d § 1487 (Cum.Supp. Nov. 2008) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper.") (citing, *inter alia*, *Consumers Petroleum Corp. v. Texaco, Inc.*, 804 F.2d 907 (6th Cir.1986)).

Under Ohio Rev. Code § 4165.03(A)(1), "[a] person who is likely to be damaged" may bring an action for injunctive relief against a person who commits a deceptive trade practice and, under § 4165.03(A)(2), "[a] person who is injured" may bring a civil action "to recover actual damages[.]"

In opposition to the motion, defendant argues that the proposed amended complaint "fails to plead essential elements of the proposed new [ODTPA] cause of action" (Doc. No. 39 at 428) because plaintiff fails to allege either that it is likely to be damaged or that it has suffered any actual injury resulting from Crain's alleged misuse of plaintiff's trade names. Defendant further argues that, under both Ohio law and federal law, plaintiff fails to state a claim for attorney fees because it has not alleged that defendant willfully violated either the ODTPA or the Lanham Act, 15 U.S.C. § 1117. As a result, according to defendant, amending the complaint would be "futile" because it would not withstand a Rule 12(b)(6) motion to dismiss. (Doc. No. 39 at 430.)

The Court rejects defendant's arguments, concluding that the proposed amended complaint sufficiently satisfies the standards for liberal amendment. Defendant remains free, of course, to challenge the claims on the merits by way of a dispositive motion.

One issue not raised by the parties but of some concern to the Court is the fact that, under the Case Management Plan and Trial Order ("CMPTO") issued on October 24, 2012,

5

the non-expert discovery deadline was February 15, 2013.[2] Plaintiff's motion has made no mention of additional discovery required to support any new claims. Dispositive motions are not due until May 6, 2013. Thus, the Court will extend the deadline until March 22, 2013 to complete non-expert discovery relative to the newly-raised issue. All other deadlines in the CMPTO will remain the same at this time.

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion for leave to amend the complaint (Doc. No. 38) is **GRANTED**. The amended complaint attached to the motion shall be filed by no later than seven calendar days from the date of this order.

By separate order, the Court will refer this matter once again to Magistrate Judge Kathleen B. Burke for pretrial supervision and a Report and Recommendation on any dispositive motions filed.

**IT IS SO ORDERED**.

Dated: February 20, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff's original motion to amend was filed on November 15, 2012, three months before the close of discovery. Therefore, the Court cannot fault plaintiff in any way for the fact that the deadline is imminent. The affidavits attached to both the original and the instant motions attest that the "request a quote" section of the offending website was not discovered until mid- to late-October 2012. Although one might argue that plaintiff should have discovered it sooner, the delay was not so undue as to warrant denial of plaintiff's motion to amend.